**Odis L. HILL et ux., Appellants,**

v.

**Terah BROCKMAN, Appellee.**

No. 16255.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 17, 1961.

Rehearing Denied Dec. 15, 1961.

Woodruff, Morgan, Woodruff & Nobles, and W. B. Woodruff, Jr., Decatur, for appellants.

Fannin & Fannin, and Oliver W. Fannin, Fort Worth, for appellee.

RENFRO, Justice.

This is an appeal from a judgment which reformed a deed so as to convey to the grantees the surface only of a 136 acre tract of land in Wise County.

In his findings of fact, the trial court found:

"1. A short time prior to the 31st day of December, 1956, Z. D. Brockman and wife, Terah Brockman, agreed to sell and convey, for a cash consideration of $5,500, to Odis L. Hill and Roberta May Hill, and the said Hills agreed to purchase, the surface only of

136 acres of land, more or less, situated in Wise County, Texas, described as follows: (Description)

"2. Pursuant to such agreement, the said Odis L. Hill and Roberta May Hill paid the cash consideration of $5,500 to the Brockmans on the 31st·day of December, 1956, and on said date the Brockmans executed and delivered to the Hills a deed conveying the property above-described. * · * * This deed was a general warranty deed, and no minerals were excepted therefrom.

"3. Through mutual mistake of the parties in the preparation of said deed, the minerals were not excepted therefrom."

The appellants, Odis L. Hill and wife, Roberta May, by points of error contend the evidence is insufficient to support findings Nos. 1 and 3 and insufficient to uphold the judgment entered.

Appellee, Mrs. Terah Brockman, surviving wife of Z. D. Brockman, brought the suit for reformation of the above-mentioned deed.

Several years prior to the execution of the deed in question, the Brockmans, who owned no mineral interest in the land, agreed to sell the surface or top of the 136 acre tract to R. A. Huckabee, appellee's brother. Huckabee took possession of and lived on said land for seven years. Under his agreement with the Brockmans, he was to receive a deed to the surface when he paid for the land. He did not pay out the purchase price, hence never received a deed from the Brockmans. He was authorized by them, however, to sell the land. He told appellant Hill he did not own any minerals but would sell "the top of it" for $5,500. He testified Hill answered, "I will buy it." Hill admitted that Huckabee told him he owned no minerals, that he answered, "I will just buy what you have got." Huckabee and Hill went together to attorney Sampson in Bridgeport and told Sampson what the trade was. Sampson prepared **a**

warranty deed (never executed) which made no reference to minerals. Huckabee testified he never saw the Sampson deed and that Sampson made a mistake in failing to except the minerals from the deed. Sometime later Hill arranged to borrow money from a Bank to pay part of the purchase price. The Bank turned the Sampson deed over to the Bank's attorney, who prepared a new deed, same as the one prepared by Sampson except it recited the amount of money advanced by the Bank and reserved a vendor's lien. The Bank's attorney knew none of the parties and knew nothing of the transaction between them. He testified that if there was a mistake in the Sampson deed it was carried over into the deed he prepared. Huckabee testified he never saw the deed the Bank's attorney prepared and appellee testified that she and her husband never saw the deed until they were called to Bridgeport to execute it. She never read it and did not see her husband read it. She and her husband never owned the minerals and the deed conveying both surface and minerals was "certainly a mistake".

■ The evidence, most of which is undisputed, is sufficient to show that the vendors agreed to sell and appellants agreed to buy the surface only of the land involved.

■ Through mistake of the scrivener the minerals were not excepted from the deed. Since the instrument did not, because of such mistake, represent the real agreement of the parties, there was such a mutual mistake as to entitle appellee to reformation. Bates v. Lefforge, Tex.Com.App., 63 S.W.2d 360; Williams v. Hooks, Tex.Civ. App., 333 S.W.2d 184; State ex rel. Brauer v. City of Del Rio, Tex.Civ.App., 92 S.W. 2d 287; Turner v. Montgomery, Tex.Com. App., 293 S.W. 815; 76 C.J.S. Reformation of Instruments § 25, p. 352.

Believing the evidence sufficient to uphold the trial court's findings and judgment, the judgment reforming the deed in question is affirmed.