A. J. LOUVIERE, Appellant,

v.

Roy L. POWER et al., Appellees.

No. 4314.

Court of Civil Appeals of Texas.

Waco.

April 8, 1965.

Rehearing Denied April 29, 1965.

Bond & Meroney, Teague, for appellant.

Dunnam & Dunnam, Waco, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment reforming a contract on the ground of mutual mistake.

Plaintiff Louviere brought suit against defendants Power and Colley for $7200, allegedly due plaintiff as termination pay under a written contract he had with defendants, to manage their motel. Pertinent portions of such contract are:

"Waco, Texas, March 4, 1962

"Subject: Motel operation contract between Mr. A. J. Louviere, and owners * * * Roy L. Power and Woodrow Colley.

"This contract is to be for a one year period * * *

"Roy L. Power and Woodrow Colley agree to employ Mr. A. J. Louviere to operate and manage * * * motel under following conditions:

"Mr. Louviere will be paid $600 per month * * *.

"* * * We agree that if the motel is sold within 30 days * * * that Mr. Louviere will receive 90 days termination pay, *and if the motel is sold within 1 year* * * * Mr. Louviere will receive 1 year termination pay * * *."

Plaintiff alleged he managed the motel until it was sold on January 8, 1963, and that defendants refused to comply with the contract and pay him the 1 year's termination pay, (amounting to $7200).

Defendants answered by general denial, and alleged that their agreement with plaintiff was that he have termination pay *"of the balance of"* one years' pay, if the motel sold within a year, and that through mutual mistake the words *"the balance of"* after the word *"receive"* were omitted from the written contract. Defendants tendered $1100 to plaintiff as the amount due, and prayed for reformation of the contract so as to require defendants to pay to plaintiff *"the balance of"* 1 year termination pay, if the motel sold within the year.

Trial was to a jury which found: "that at the time of the execution of the written contract all parties thereto believed that same provided for payment to Louviere of only the balance of one year's pay, if the motel was sold after 30 days and before one year."

The Trial Court entered judgment on the verdict, reforming the contract by inserting the phrase *"the balance of"* after the word "received" and prior to the words "1 year's termination pay." (The Trial Court further awarded plaintiff the sum of $1100, which had been tendered by defendants, and adjudged the costs against plaintiff.)

Plaintiff appeals on 8 points, contending: 1) there is no evidence or insufficient evidence to sustain the finding of mutual mistake; and 2) there is no evidence or insufficient evidence to sustain the finding of the jury that at the time of the execution of the contract "all parties believed that same provided for payment to plaintiff Louviere of only the balance of 1 year's pay if the motel sold after 30 days and before 1 year".

The record reflects that defendants owned a motel, and needed a manager for same; plaintiff was a motel manager seeking employment, and came to Waco at defendants' request to discuss the job as manager of defendants' motel. Defendants were trying to sell the motel, and wanted to employ a manager for only such time as it would take to sell the motel. Plaintiff was aware of this, and wanted some sort of guarantee. Plaintiff and defendants came to an agreement, and defendant Power wrote out in longhand the agreement and gave it to his secretary to type; the secretary returned the typed contract to Power, and Power and Colley signed it without reading it. Power and Colley both testified that the agreement with plaintiff was that plaintiff was to receive 3 months' termination pay if the motel sold within 1 month; and *"the balance of"* 1 year's pay, if the motel sold during the first year; that plaintiff so understood; that the secretary who transcribed the contract left out the words *"the balance of"* after the word "receive";

and defendants did not notice the mistake until the time of the sale of the motel. Plaintiff testified that the contract as written set out the agreement that he made with defendants as he understood it. Plaintiff further testified that he knew defendants' purpose was to sell the motel; and further that had it sold after 1 year from the time of his contract he would be entitled to no termination pay. As noted, the motel was sold approximately 10 months after the making of the employment contract.

A mistake of fact, if mutual, is well settled ground for reformation of a written contract. The parol evidence rule does not apply where it is alleged that by reason of mutual mistake, an agreement does not express the real intention of the parties, and in such case extrinsic evidence is admissible to show what the real contract is. Olvey v. Jones, 137 Tex. 639, 156 S.W.2d 977. The party seeking reformation must prove what the true agreement was, and that the terms of the writing which differ from the true agreement are incorporated in the instrument as a result of mutual mistake of the parties. Burrows v. Seale, 148 Tex. 411, 225 S.W.2d 966; Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447.

The scrivener or typist's failure to embody the true agreement of the parties in the written contract is such mistake as to afford ground for reformation for mutual mistake. Bates v. Lefforge, Tex.Com.App., 63 S.W.2d 360; Williams v. Hooks, Tex. Civ.App., (n. w. h.) 333 S.W.2d 184; Temple Electric Supply Co. v. Simmons, Tex. Civ.App., (n. r. e.), 328 S.W.2d 931; Hill v. Brockman, Tex.Civ.App., (n. w. h.) 351 S.W.2d 934.

The precise question here is whether there is sufficient evidence that plaintiff, at the time he signed the written contract, believed that it provided for payment to him "of only the balance of 1 year's pay."

The record reflects that plaintiff had worked at a number of motels in the past for various periods of time, but had never before worked under a contract providing for termination pay. Defendants testified that since plaintiff knew the motel was up for sale, plaintiff wanted a guarantee of at least one year's employment; and that the agreement of the parties was that if the motel sold after 30 days, and before 1 year, plaintiff would receive "the balance of" 1 year's pay as termination pay; and that plaintiff fully understood that such was the agreement, and gave his assent to such agreement; that defendant Power wrote the agreement in longhand and gave it to his secretary to type; and that the typist left the words "the balance of" out of the written contract. Plaintiff testified he read the written contract before he signed it, and that it contained the agreement as he understood it.

Mutual mistake is not readily established by the admissions of the parties to be affected by the reformation of the contract. Like a conspiracy, a mutual mistake is generally established from all the facts and circumstances surrounding the parties and the execution of the instrument. Bordovsky v. Dougherty, Tex.Civ.App., 106 S.W. 2d 779; Weir v. W. T. Carter & Bros., Tex.Civ.App., W/E Ref., 169 S.W. 1113; Coker v. Hughes, Tex.Civ.App. (n. w. h.) 307 S.W.2d 354; State v. Wales, Tex.Civ. App. (n. r. e.) 271 S.W.2d 728.

From all the facts and circumstances in evidence, we think the jury could have disbelieved plaintiff's testimony, and could have reached the conclusion from the facts and circumstances, that plaintiff knew that the agreement was that he receive "the balance of" 1 year's pay if the motel sold prior to 1 year from the making of the contract; and further that at the time plaintiff signed the written contract he believed that it provided such. It would be hard to believe that defendants would not have waited to sell the less than 2 months remaining in the period covered by the contract, and owe the plaintiff nothing, if the true agreement be as contended by plaintiff. Moreover, it

is but natural that plaintiff insists that the instrument speaks the true agreement; if this were not true, there would be no lawsuit. Coker v. Hughes, Tex.Civ.App., (n. w. h.) 307 S.W.2d 354, 359.

While we realize the question is not free from doubt, we think the jury's answer to the issue submitted is supported by ample evidence to sustain the finding and judgment. All of plaintiff's points and contentions are overruled.

Affirmed.