Tedroe Jay FORD, III, Appellant,

v.

Dr. Tedroe Jay FORD, Jr., et ux., et al., Appellees.

No. 8145.

Court of Civil Appeals of Texas, Texarkana.

March 6, 1973.

Lowell C. Holt, Gilmer, for appellant.

F. L. Garrison, Gilmer, for appellees.

RAY, Justice.

This case concerns the reformation of an irrevocable trust. The trustees, appellees (plaintiffs) Dr. Tedroe Jay Ford, Jr., and wife, Margaret Fenley Ford, and Tedroe Jay Ford, Sr., brought suit against appellant (defendant) Tedroe Jay Ford, III, seeking reformation or modification of an irrevocable trust of which Tedroe Jay Ford, III, is the beneficiary. The case was tried before the court without the aid of a jury and the trial court entered judgment reforming the trust instrument to reflect that the trust was irrevocable for a full term of ten years, rather than nine years and four days which would be the date that appellant would become 21 years of age. Appellant has timely filed his appeal and submits one point of error for determination by this court.

The one point of error is that, "The Trial Court erred in reforming and modifying the trust instrument created for Tedroe Jay Ford, III, by his parents, because said instrument is complete and unambiguous."

On January 1, 1967, Dr. Tedroe Jay Ford, Jr., and wife, Margaret Fenley Ford, created a trust in favor of their son, Tedore Jay Ford, III. Such trust was to become effective on January 1, 1967, and continue until January 4, 1977, a term slightly in excess of ten years. However, in the drafting of the instrument, conflicting provisions were inserted. In the initial portion of the trust instrument, Dr. Ford and his wife conveyed the property to the trustees "absolutely and irrevocably for a term in excess of ten (10) years, as hereinafter designated. . . ." Section II of the trust instrument provides the following: "The gifts made and the trust hereby created are irrevocable for a term in excess of ten (10) years, as hereinafter designated. This trust shall become effective on the 1st day of January, 1967, and shall continue until January 4, 1976, on which date the said beneficiary hereunder shall be twenty-one (21) years of age."

Appellant, Tedroe Jay Ford, III, testified that he desired that the trust instrument remain unchanged so that he would have the benefits of the trust on his 21st birthday.

As far as we can determine, this is a case of first impression in this state, involving the judicial reformation of an irrevocable trust agreement. The testimony of the accountant-attorney shows that he intended to write the trust instrument in such a fashion as to make it irrevocable for a period of ten years, in order that his clients, Dr. Ford and wife, might reap the special tax benefits provided by the Internal Revenue Code. The testimony of the settlors, Dr. Ford and wife, make it clear that they intended the trust to be for a period of slightly more than ten years. An examination of the record leaves no other conclusion than that a mistake was made in drafting the trust instrument.

It is well-settled contract law that if a mistake has been made in the drafting of an instrument, it can be reformed and modified by the court to reflect the true intentions of the parties, if done so timely.

We therefore hold that since a mistake was made in the drafting of the Tedroe Jay Ford, III, trust instrument, the trial court acted within the scope of its equitable powers in reforming and modifying the trust instrument to reflect the true intentions of the settlors. It is human to err, and there is no reason why errors in trust agreements cannot be corrected by the courts as they are in other contractual agreements. 80 A.L.R. 117. In Bogert, Trusts & Trustees, 2d Ed., Sec. 991, Reformation of Trust Instrument, it is stated,

> "If, due to a mistake in the drafting of a trust instrument, it does not contain the terms of the trust as intended by the settlor and trustee, the settlor or other interested party may maintain a suit in equity to have the instrument reformed so that it will contain the terms which were actually agreed upon. . . ."

The judgment of the trial court is affirmed.