Robert G. **HENDERSON**, Appellant,

v.

John C. **HENDERSON**, Appellee.

No. 13–84–268–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 1985.

Rehearing Denied March 28, 1985.

Fred A. Lange, Austin & Arnett, Houston, for appellant.

W.T. Miller, Miller, Miller & Robinson, Gonzales, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a lawsuit that sought to correct an error in a recorded deed and to quiet title to land.

This case was brought by John C. Henderson (John C.), appellee herein, against his brother, Robert G. Henderson. John C. sought, by declaratory judgment, to have the trial court correct an alleged error in a deed to land. John C. asserted that, on March 5, 1966, a deed to a 55.417-acre tract of land was filed in the deed records of Gonzales County, which purported to convey the tract to him as grantee. He claims that the deed which was actually recorded, through a mistake made in the process of transcription, named John G. Henderson, rather than John C. Henderson (appellee) as grantee. John G. Henderson was the father of both the appellant and the appellee. Appellee claimed that the land was purchased by his father as a gift to him. Alternatively, appellee claimed title to the land by limitations.

Appellant Robert G. asserted that appellee's cause of action to reform the deed was barred by the four-year statute of limitations. He also claimed that the deed could not be reformed because it did not involve a mutual mistake between the parties. Brother Robert G. alleged that John C.'s limitation claim could not be sustained because he and his brother were co-tenants whose co-tenancy had not been repudiated by appellee. The trial court, without a jury, granted judgment in favor of John C. on his limitations claim as well as his claim that there had been an error in transcription made in the recording of the deed and ordered the cloud cast by the erroneous recording be removed. We affirm the judgment of the trial court.

Appellant Robert G. brings seven points of error on appeal. In his third and sixth points of error, he claims that the trial court erred in holding that brother John C. was the intended and actual grantee in the 1966 deed to the 55.417-acre tract because the alteration was not shown to have been made with the approval of the grantors. He contends that, without the approval of the grantors, there is a lack of mutuality which is essential for the reformation of a contract based upon mistake. He asserts that the trial court's finding that John C. was the intended grantee and the finding that the error in the recording of the deed was clerical were without support in the evidence, that there was insufficient evidence to support these findings and that such findings were against the great weight and preponderance of the evidence.

This case was tried by the trial court. There were no findings of fact requested or filed. All questions of fact are, therefore, presumed found in support of the judgment. The judgment of the trial court must be affirmed upon any legal theory finding support in the pleadings and evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Raymond v. Aquarius Condo-*

**34**

*minium Owners Ass'n,* 662 S.W.2d 82 (Tex.App.—Corpus Christi 1983, no writ); *Owens v. Travelers Insurance Co.,* 607 S.W.2d 634, 637 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). In reviewing the evidentiary claims, we follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L. Rev. 361 (1960).

 Reviewing the facts under appellant's points of error, we are mindful of the theory that there is a strong presumption in favor of the correctness of a deed and that this presumption will prevail unless the party opposing it shows the contrary by satisfactory evidence which is clear, strong and convincing. *Carson v. White,* 456 S.W.2d 212 (Tex.Civ.App.—San Antonio 1970, writ ref'd n.r.e.). However, if a mistake has been made by a scrivener or typist, an instrument may be reformed and modified by a court to reflect the true agreement of the parties, if the mistake was a mutual mistake. *Cornish v. Yarbrough,* 558 S.W.2d 28 (Tex.Civ.App.—Waco 1977, no writ); *Ford v. Ford,* 492 S.W.2d 376 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.); *Louviere v. Power,* 389 S.W.2d 333 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.). A mutual mistake is generally established from all of the facts and circumstances surrounding the parties and the execution of the instrument. *Louviere v. Power* at 335.

The Honorable Denver Perkins, the attorney who represented A.D. and Essie Parr (the grantors) in the preparation of the papers and the sale of the property, testified by deposition. He testified that

his records indicated that the grantors intended that the sale of the 55.417-acre tract was to John C. Henderson, the appellee. According to Perkins, the initial "G" in the deed was changed to "C" by him on the original deed, and the county of residence shown on the deed was changed from Victoria County (which was, in fact, the county of residence of John G. Henderson, the father of appellee) to Calhoun County (the county of residence of appellee, John C. Henderson).[1] Perkins' two carbon file copies were admitted into evidence reflecting those two changes. There was also a statement sent by Perkins to A.D. Parr, dated March 2, 1966, which billed him for preparation of a warranty deed to appellee John C. Henderson [2] and a letter written to John C. Henderson on March 7, 1966, charging him for the preparation of the warranty deed from the Parrs to appellee John C. Henderson. According to Perkins, he had seen the original deed, and it reflected the same changes which appeared on his office copy. Perkins testified that he believed that the changes on the original deed were made in his office prior to the deed being recorded.

Fannie Henderson, mother of both appellant and appellee brother, testified that, in the early part of 1966, she and her husband agreed to purchase a tract of land from the Parrs. She testified that she intended that the appellee be the grantee of the property in question, as a gift from her and her husband. According to Mrs. Henderson, neither she nor her husband ever took possession of the property. A certified copy of the Original Deed, showing John G. as grantee, was admitted into evidence. Mrs. Henderson also testified that she thought her husband changed the "G" to a "C." She said that she did not know if the original deed had been changed while the deed was in the possession of her and her hus-

---

1. There is no direct evidence to indicate if the change in the deed took place before or after execution of the deed. The changes appear in the Original Deed, which appears to have been signed by the Parrs on March 2, 1966. It is undisputed in the record that John G. Hender-

son, the father, paid the purchase price for the land in question.

2. This statement written to the Parrs indicates to us that the change in grantee was made on the deed prior to the execution of the deed by the Parrs.

band. She claimed that she took no active part in making the gift, but that she had approved it. She said that, generally, she did not take an active part in her husband's business transactions and had no personal knowledge of the details of the Parr transaction until after it took place. A correction deed from her to John C. Henderson dated December 26, 1980 was also introduced into evidence. She testified that, in 1973, she had given appellant a check for $20,000 in an attempt to equalize the gifts to her sons. A check for the purchase of the property, signed by John G. Henderson, was also admitted.

The appellant admitted during oral argument that the deed was transcribed into the deed records. The transcription deed which appears in the record as it was recorded in the Gonzales County deed records shows that the grantee was *John G. Henderson* of *Calhoun County.* As previously noted, the evidence presented at trial was that John G. Henderson was never a resident of Calhoun County, but his son, John C. Henderson, was a resident of Calhoun County. The original warranty deed which was filed and returned to John G. Henderson reflects on the cover A.D. Parr, et ux to John C. Henderson. It also reflects that John C. Henderson was the grantee.

John C. Henderson testified that he first saw the original deed sometime after his father died. He said that he took possession of the property in the autumn of 1967 and had claimed it and paid taxes on it since that time. The deed which he took possession of named him as grantee.

■ The trial court expressed in the judgment that the intended and actual grantee in the deed to the real estate in issue was John C. Henderson and that the County Clerk of Gonzales County, Texas, by clerical or typographical error, incorrectly transcribed the deed as recorded to be John G. Henderson. We find that there was ample evidence in the record to substantiate the trial court's findings expressed in the judgment. While the grantors did not testify that they were parties to

this mistake, the testimony of their attorney, as well as the documentary evidence introduced, adequately reflects that the true intention of the parties was that John C. Henderson was to be the grantee of the land. Appellant's points of error are overruled.

In appellant's fifth point of error, he asserts that the trial court erred in finding that the county clerk had made a typographical error in recording the 1966 deed, because this assertion was not pled by the appellee in his Second Amended Original Petition. Plaintiff's petition reads, in part:

## II.

The records of the County Clerk of Gonzales County, Texas, show that by deed dated March 5th, 1966, of record in Volume 349, pages 1 and 2, of the Deed Records of Gonzales County, Texas, A.D. Parr and his wife, Essie Parr, purported to convey to John G. Henderson, father of plaintiff herein, 55.417 acres of land, more or less, out of the William St. John 1/3 League, Abstract No. 76, situated in Gonzales County, Texas, being the same land hereinabove described by metes and bounds.

## III.

However, the original of said deed shows this Plaintiff, John C. Henderson, to be the grantee in said deed, and this Plaintiff was in fact the grantee intended by both the grantors in said deed and the said John G. Henderson, the purported grantee shown by the records of the County Clerk of Gonzales County, Texas. Plaintiff had no notice whatsoever that such deed was at variance with the recorded version until the year 1980 when he was apprised of that fact by persons doing title work in connection with an oil, gas and mineral lease.

■ In determining whether a cause of action is pleaded, the pleadings of the plaintiff must be clear enough for the court to be able, from an examination of the pleadings, to ascertain with reasonable cer-

tainty the elements of plaintiff's cause of action and the relief sought with sufficient information on which to base a judgment. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex. 1979). It is a general rule that the petition will be construed as favorably as possible to the pleader. It is accepted that the court will look to the pleader's intendment, and a pleading will be upheld even if some element of a cause of action has not been specifically alleged. *Gulf, Colorado & Santa Fe Railway Co. v. Bliss,* 368 S.W.2d 594 (Tex.1963).

■ We find that the allegations set forth in the pleadings suggest that the recorded deed on file with the county clerk did not comport with the original deed. While the petition does not specifically state that the error in recording the deed was that of the county clerk, appellee specifically prayed that the deed, as recorded, be reformed to harmonize with the original deed. We find that the pleadings placed appellant on sufficient notice that he was alleging an error in the recorded deed. Appellant's fifth point of error is overruled.

■ In appellant's fourth point of error, he asserts that the appellee and his father (who died July 20, 1970) were each barred by the four-year statute of limitations, TEX.REV.CIV.STAT.ANN. art. 5529 (Vernon 1958), from bringing a suit for reformation because the record shows a lack of diligence in discovering that the deed records of Gonzales County reflected that John G. Henderson was named as the grantee in the 1966 deed from A.D. and Essie Parr. A suit for reformation of a deed is covered by the four-year statute of limitations. *Brown v. Havard,* 593 S.W.2d 939 (Tex.1980). The four-year statute of limitations does not begin to run until the cause of action was discovered or, by reasonable diligence, should have been discovered. *Brown v. Havard* at 944; *Sullivan v. Barnett,* 471 S.W.2d 39 (Tex.1971); *McClung v. Lawrence,* 430 S.W.2d 179 (Tex.1968). The question of when a mistake should have been discovered is one of fact. Courts have recognized a blanket exception to the statute in suits for refor-

mation based on mutual mistake in deeds, as long as no rights of bona fide purchasers have intervened. *See Sullivan v. Barnett; Broyles v. Lawrence,* 632 S.W.2d 184 (Tex.App.—Austin 1982, no writ). Here, there is ample evidence to support the court's implied finding that John C. Henderson did not discover the mistake in the recording of the deed more than four years prior to filing the suit, and he did not fail to use due diligence in discovering the mistake. The record shows that John C. took possession of the land shortly after the deed from the Parrs was obtained and that his possession was never challenged. John C. testified that he regularly paid taxes on the land. He claimed that he first saw the Original Deed sometime after his father died in 1970. This deed showed him to be the grantee named in the deed. There was no need for him to question the recorded deed at that point. He said that he discovered that there was a discrepancy in the deed in his possession and the recorded deed sometime in 1979 or 1980 when an oil company attempted to lease the land and raised questions as to his title. He indicated that, prior to this time, he had no reason to question his title or check the Gonzales County deed records to determine if the deed in his possession was correct. We find that the evidence supports the trial court's implied finding that appellee's cause of action was not barred by the four-year statute of limitations. Appellant's fourth point of error is overruled.

■ In appellant's seventh point of error, he asserts error on the part of the trial court in admitting a correction deed executed by Fannie Henderson showing that the 1966 deed had erroneously named John G. Henderson, rather than John C. Henderson, as grantee because such a recital constituted hearsay. In a non-jury case, we presume that a trial judge disregards evidence which is nonprobative, prejudicial or unfit. *Raymond v. Aquarius Condominium Owners Ass'n, Inc.* at 92; *Landscape Design and Construction, Inc. v. Harold Thomas Excavating, Inc.,* 604 S.W.2d 374 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.

e.); *City of Corpus Christi v. Krause,* 584 S.W.2d 325 (Tex.Civ.App.—Corpus Christi 1979, no writ). If, in fact, the introduction of the recitals in the correction deed was hearsay, they were properly disregarded by the trial judge when he rendered judgment in the case. Appellant's seventh point of error is overruled.

Appellant's remaining points of error are all without merit. It is settled that the judgment of the trial court will be upheld if it can be done so under any legal theory that has support in the evidence. Having addressed all of the controlling issues, it is not necessary to address the other points of error in detail. TEX.R. CIV.P. 451 (Vernon Supp.1984).

The judgment of the trial court is affirmed.