NUMBER 13-01-085-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

_______________________________________________________________________

 

WALTER
UMPHREY, TRUSTEE,                                         Appellant,

                                           v.

 

WAFFLE
HOUSE, INC., ET AL.,                                         Appellees.

_______________________________________________________________________

 

 On appeal from the 172nd
District Court of Jefferson County, Texas.

_______________________________________________________________________

 

                              O P I N I O N

 

                Before Justices Dorsey, Yañez, and Wittig[1]

                            Opinion by Justice Wittig                    

 








Lease and deed
restrictions on commercial property are at issue.  In this, the second appeal from summary
judgment, we examine whether appellant is barred from bringing his claim based
upon the equitable doctrine of changed circumstances.  In the first appeal, the Beaumont Court of
Appeals reversed a summary judgment rendered in favor of appellant, Walter Umphrey, Trustee. 
The Beaumont court held the restrictions in question did not violate the
state=s antitrust
laws.  Waffle House, Inc. et al v.
Walter Umphrey, Trustee, No. 09-99-272 CV, 2000
WL 1273421 (Tex. App.CBeaumont, September 7, 2000) (not
designated for publication).  Upon
remand, appellees Waffle House and Forbus Food, Inc. immediately filed their own motion for
summary judgment under Texas Rule of Civil Procedure 615a(c).  After a brief  postponement, the trial court again
granted summary judgment, this time in favor of Waffle House and Forbus Food, Inc.

Appellant
essentially complains the trial court erred in granting the summary judgment
because he had an alternative ground for relief not addressed in the earlier appeal.  Appellant states the asserted four year
statute of limitations does not apply, that he had standing to sue, that his
damages are continuous and unnecessarily restricting his property, that he has
not waived any claims, nor is he estopped from asserting
such claims.  Finally, appellant argues
two constitutional issues regarding due process issues.  Because of our disposition, we need not
address these last two issues (which are likely waived because appellant
voluntarily entered into a Rule 11 agreement re-setting the summary judgment
motion; appellant agreed to the hearing date and should not now be heard to
complain)[2].  We, like the Beaumont Court of Appeals, will
reverse and remand.








Background

When appellant
went to sell his 2.41 acre property located on Interstate 10 in
Beaumont, he found that appellees would not release
the restrictive covenants dating back to a collateral lease in
1977.  Umphrey
claimed he only recently became aware of the restrictive covenants before
filing suit in 1997.  He also claimed
that since he purchased the land in 1986, the adjacent interstate property
emerged as a virtual restaurant row. New developments, including restaurants,
changed the landscape and thus the circumstances of the restrictions.  (The restrictions not only disallow
restaurant competition but also forbade even serving or giving away any food or
drink. After his first appellate rebuff, the gravamen
of Umphrey=s claim shifted
from statutory anti-trust to equity. 
While the equitable, changed circumstances claim, is pled with more
articulation in his third amendment petitionBfiled after remandBhis original
petition also complained in less detail about this equitable remedy.  Appellant sought a declaratory judgment to
quiet title and remove or reform the restrictive covenants.

Standard of
Review

We review the
trial court's granting of the motion for summary judgment de novo. Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Commerce Bank Rio Grande
Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus Christi
2000, pet. denied). Appellees were required to
establish that no genuine issue of material fact existed and that judgment
should be granted as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548 (Tex. 1985). We  presume all evidence favorable to
appellant to be true, and indulge all reasonable inferences and resolve any
doubts in his favor. Id. 548‑49








Analysis

Appellees' motion for
summary judgment was based almost entirely upon documents without other
supporting proof.  The issues in the
summary judgment motion generally correspond to appellant=s issues.
Therefore, we will address the questions in the order found in the underlying
motion for summary judgment.

Appellees first argument
to the trial court was that the restrictions were valid and enforceable and ran
with the land.  Appellees
expand this argument on appeal to include res
judicata.[3]  We will not consider this second argument
because it was not made in the motion to the trial court.  McConnell v. Southside
ISD, 858 S.W.2d 337, 342 (Tex. 1993).  








Appellees cite City
Products Corp v. Berman, 610 S.W.2d 446 (Tex. 1980) and other cases
for the general proposition land use restrictions are valid as found in a
lease.  This legal principle does not
seem to be greatly disputed, although the pleadings show there was a lease
subsequent to Umphrey=s deed that would have had the effect of
extending if not enlarging the scope of the underlying lease restrictions.  Remarkably, nowhere in this first issue
presented to the trial court do appellees address
appellant's equitable "change of circumstance" argument.  Because appellees
did not address this issue before the trial court, it cannot be a grounds for sustaining the order granting summary
judgment.  McConnell, 858 S.W.2d at 342. 
Merely because restrictions may have general validity, does not per se
imply the inapplicability of equitable principles.  Similarly, although the Beaumont Court of
Appeals found the restrictions "valid" in that they are not violative of anti‑trust statutes, that court=s remand leaves
open appellant's alternative theories. 
Because appellees did not even address the
validity of the restrictions when there are changed circumstances, we cannot
affirm the summary judgment on that ground.  Id.;  See also City of Midland v.
O=Bryant, 18 S.W.3d
209, 218 (Tex. 2000).  We sustain
appellant's first issue.








Appellees next raised a
statute of limitation argument corresponding to appellant=s second
issue.  First appellees
claimed the matter was barred by the Aapplicable
statute of limitation.@[4]   In the next paragraph, appellees
cite the four year limitation statute under Texas Business and Commerce Code Section
15.25 (Vernon=s 1997). This  is the
anti-trust statute, already ruled upon by the Beaumont Court of Appeals.  This argument obviously does not apply
because appellant=s anti-trust
claim has already been decided adversely to him[5].  Next, appellees
cited Henderson v. Henderson, 694 S.W.2d 31, 36 (Tex. App.BCorpus Christi
1985, writ ref=d n.r.e.).[6]
         Appellees= reliance on
Henderson is 
quizzical because of its holding. 
While it is true Henderson states the four year residual statute
of limitations can apply, it refused to apply the statute to a deed recorded
some ten years before.  Henderson,
694 S.W.2d at 36. 
(limitations does not begin to run until the
cause of action was discovered or, by reasonable diligence, should have been
discovered) (question of when a mistake should have
been discovered is one of fact).  Courts
have recognized a blanket exception to the statute in suits for reformation
based on mutual mistake in deeds, as long as no rights of bona fide purchasers
have intervened.  Id.

Henderson relies in turn
upon Brown v. Havard, 593 S.W.2d 939 (Tex.
1980).  There the Supreme Court of Texas,
just as in Henderson, relied upon equitable principles in holding
the four-year limitation statute would not apply.  Brown quotes from  Sullivan v. Barnett, 471
S.W.2d 39 (Tex. 1971):  AThe weight of
authority is that once the presumption of immediate knowledge is rebutted, the
statute of limitation will commence to run when the mutual mistake was, or in
the exercise of reasonable diligence should have been, discovered.@

Brown further relies
upon McClung v. Lawrence, 430 S.W. 2d 179 (Tex. 1968), where the supreme
court reversed and remanded for trial a summary judgment granted the defendant
on his plea of the four year statute of limitations in McClung's suit to reform
a 1947 deed upon allegations of mutual mistake. 
A[E]quity will grant relief against such a mistake of law.@ Brown, 593 S.W.2d at 944.  In
such a situation the statute of limitations will commence to run when the
mistake was, or in the exercise of reasonable diligence should have been,
discovered.  Id.  Brown next discusses Miles v.
Martin, 321 S.W.2d 62 (Tex. 1959), where the supreme court reversed
a judgment based on limitations and remanded the case for a trial of grantor's
right to equitable relief of reformation because of an alleged mutual
mistake as to the effect of the royalty reservation.  Id. The deed sought to be reformed had
been executed almost six years prior to filing of the suit. Id.  








Appellant
counters appellees= limitation argument claiming that the law
has long recognized no limitation to this type of equitable action.  He directs us to Watson v. Rochmill, 155 S.W.2d 783, 785 (Tex. 1941) (lessor action for removal of cloud of title to mineral
interest in land was continuous and consequently not barred by
limitation).  Our court has also held
that an equitable remedy exists to remove restrictions when change has been so
radical it renders continuation of the covenants without substantial benefit to
the dominant estate. Simon v. Henrichson, 394
S.W.2d 249, 254 (Tex. App.BCorpus Christi
1965, writ ref=d, n.r.e.).  We further
held that the rules of equity govern when restrictions become
unenforceable.  Id.  And finally we have read that limitations
statutes do not absolutely bind courts of equity.  Oldham v Medearus, 39 S.W. 919, 920 (Tex. 1897).

We need not either read nor extend equitable principles into
perpetuity.  It is well settled law that
limitations begin to run Awhen a right of
action accrues@.  Stella Products v. Scott, 875
S.W.2d 462, 464 (Tex. App.BAustin
1994).   Query: When did Umphrey=s cause of
action for changed circumstances accrue? 
While ordinarily this is stated in plaintiff=s pleadings,
neither the  pleadings
nor appellee=s proof furnish
this essential fact necessary for a summary judgment on limitations.  Because of the failure to demonstrate that Umphrey=s equitable
claim accrued[7]
within the Aapplicable@ limitation
period, we sustain this issue.








Next we turn to
the third and fourth grounds for summary judgment.  In their third grounds for relief appellees asserted to the trial court and to us that Umphrey has no standing Ato assert the antitrust cause of action.@  In their forth ground, appellees
again assert the Trust (Umphrey) does not have a
cause of action under Texas antitrust law because it has no antitrust
injury.  Appellees
simply do not address the extant claims arising under equity.  For reasons that do not appear in either the
motion for summary judgment or the briefs, appellees
once again focus upon matters already disposed of by the Beaumont Court of
Appeals decision.  Because appellees address only moot points, these issues cannot be a grounds upon which to sustain the summary judgment.  Tex.
R. Civ. P. 166a(c) (the motion shall state the specific grounds therefor); McConnell, 858 S.W.2d at 342; Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997) (because it
did not raise this ground in its motion, Science Spectrum is not entitled to a
summary judgment on this claim).








In their fifth
issue, appellees and appellant address the
affirmative defense of waiver.  Appellees assert that because appellant purchased the
property in 1986 with an encumbrance, and waited eleven years to assert any
claim, he waived any complaint.  All
parties cite Tenneco, Inc. v. Enterprise Prod. 925
S.W.2d 640 (Tex. 1996), and Alford, Meroney &
Co. v.  Rowe, 619
S.W.2d 210 (Tex. Civ. App.BAmarillo 1981,
writ ref=d n.r.e.).  Tenneco,
Inc. was a summary judgment case involving a right of first refusal to acquire
an interest plus a requirement for any new party to make a minimum raw make
delivery.[8]  Unlike appellees,
the Tenneco defendants included in their summary judgment proof,
deposition excerpts from the plant owners' designated representatives  demonstrating the following:  (1) various owners knew that Tenneco Oil had
transferred its ownership interest to Tenneco Natural Gas Liquids;  (2) Tenneco Natural Gas Liquids had not
executed an agreement in satisfaction of Section 12.2 (the right of refusal/raw
make requirement provision);  and (3)
Tenneco Natural Gas Liquids was delivering substantially less than 31,000
barrels per day (and thus was not meeting its minimum raw make
delivery). Tenneco Inc, 925 S.W.2d at 643.  Here appellees
provide no such proof of waiver.  Nor do appellees provide any proof of when the changed
circumstances occurred or were ascertainable. 
Tenneco, Inc further holds: AWaiver is
ordinarily a question of fact.@  Id. (citing Caldwell v. Callender Lake Property Owners Improvement Ass'n, 888 S.W.2d 903, 910 (Tex. App.BTexarkana 1994,
writ denied)).  Only when  the facts and circumstances are
admitted or clearly established does the question become one of law.  Id. (emphasis added.)








In Alford,
a jury found waiver.  The issue arose when
a partner sought to withdraw from a firm but expressly sought a waiver of
contractual financial penalties before he withdrew.  Negotiations lasted over several months and
culminated in the partner=s departure
after he received no response from the partnership.  After leaving he started his own practice and
was then sued by the former partnership. 
In upholding the jury verdict, Alford held, broadly stated,  waiver occurs Awhere one
dispenses with the performance of something which he has a right to exact, and
occurs where one in possession of any right, whether conferred by law or by
contract, with full knowledge of the material facts, does or forbears to do
something, the doing of which or the failure or forebearance
(sic) to do which is inconsistent with the right or his intention to rely upon
it.@ Alford, 619 S.W.2d 213, 214. (Citing 92 C.J.S.
Waiver p. 1061).  AWaiver, of
course, is a matter or question of intention.@ Id. (Citing Ford v. Culberson,
308 S.W.2d at 865);   According to Alford, AThe elements of
waiver, then, are established by evidence that the party possessing the right
(1) is aware of the right and (2)(a) expressly
relinquishes it or (2)(b) acts in a manner inconsistent with, or fails to act
in a manner consistent with, an intent to claim the right.@  Id. at 213.  Appellees
implicitly argue that Umphrey was aware of changed
circumstances when he bought the property, relinquished his right to his
equitable claim or acted inconsistently or failed to act consistent with his
claim.  There is simply no summary
judgment proof to support this argument. 
The record does not demonstrate Umphrey=s intent, when
the conditions changed, express relinquishment, or inconsistent action or
inaction.  Appellant=s fifth issue
is sustained.








The sixth issue
involves claimed estoppel.  Appellees again do
not point to any summary judgment proof, but seem to simply reiterate the facts
under their waiver argument.  Appellees direct our attention to Schroeder v. Texas
Iron Works, Inc., 813 S.W.2d 483, (Tex.
1991).  Schroeder was an
employment dispute and Schroeder  invoked the doctrine of equitable estoppel to support his contention that his employment at
will status was modified.  Id. at 489. 
The supreme court held: ATo establish an
equitable estoppel, Schroeder must prove (1) a false
representation or concealment of material facts, (2) made with knowledge,
actual or constructive, of those facts, (3) with the intention that it should
be acted on, (4) to a party without knowledge, or the means of knowledge of
those facts, (5) who detrimentally relied upon the misrepresentation.@ Id. (Citing  Gulbenkian
v. Penn, 252 S.W.2d 929, 932 (1952)). 
Remarkably, once again, appellees
furnished neither the trial court nor us any proof of a false representation or
concealment, made with knowledge, with the requisite intent, to a party without
knowledge.  Patently, appellees
had equal or superior knowledge concerning both the deed restrictions as
well as any conditions that may or may not have changed on the Interstate 10
property. Like the Schroeder court, we too hold appellees failed to provide summary judgment proof to
establish this affirmative defense. 
Appellant=s sixth issue
is sustained.

In conclusion,
we hold appellees failed to conclusively establish
that no genuine issues of material fact exist and that they were therefore
entitled to judgment as a matter of law. 
See Michael v. Dyke, 41 S.W.3rd 746, 750   (Tex. App.BCorpus Christi
2001, no pet.).  A summary judgment must
stand on its own merits and the movant must establish
its entitlement to a summary judgment on the issues expressly presented to the
trial court, conclusively proving all essential elements of their defense.  Id.  Because appellees
failed to establish their entitlement to summary judgment on issues expressly
presented, we reverse the judgment of the trial court and remand the case.

 

________________________

Don Wittig

Retired Justice

 

Do not
publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

25th
day of April, 2002.











[1]Retired 
Justice Don Wittig
assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]  See Tex.R.App. P. 33.1(a)(1)(A)





[3]
Although res judicata is applicable to the anti-trust claim, it is
clearly inapplicable to matters not considered by the earlier appeal. 





[4]  One could
logically conclude that appellee thinks and argues the
Aapplicable@
limitation statute is in the anti-trust statute.





[5]  See our first
paragraph for a brief discussion of this unpublished opinion.





[6]  Only because appellees cite Henderson,  which in turn addresses the four year
residual statute of limitations, Tex.
Bus. & Com. Code Ann. '
16.051 (Vernon 1987), do we even address this argument.   Actually, appellees
failed to state specifically this ground for summary judgment.  Tex. R. Civ. P. 166a(c).





[7]  A'In
equity, as at law, the general rule is that the cause of action arises whenever
the party is entitled to bring suit, or as soon as he has a right to apply to a
court of equity for relief.  2 Story, Eq.  Jur. '
1521a.@,
Oldham, 39 S.W. at 920. 





[8]
The parties also included Enron Corp. and several of its
subsidiaries, including one of its now famous Apartnerships.@