**Charles CORNISH et al., Appellants,**

v.

**Leonard O. YARBROUGH et ux., Appellees.**

**No. 5737.**

Court of Civil Appeals of Texas, Waco.

Sept. 8, 1977.

Bernard C. Reeves, Fairfield, for appellants.

JoAnn H. Means, Harris, Means & Means, Corsicana, for appellees.

## OPINION

JAMES, Justice.

This is a suit for reformation of a warranty deed on the ground of mutual mistake. Plaintiff-Appellees Leonard O. Yarbrough and wife brought this suit against Defendant-Appellants Clarence Jack Harris and wife and Charles Cornish and wife, to reform a warranty deed executed by the Yarbroughs to the Harrises because of the omission of a vendor's lien occasioned by an error of the scrivener. The Yarbroughs further sued for title and possession of the subject property based upon their being

purchasers of the property from a trustee's sale concerning the omitted lien. The Defendant-Appellants (Harrises and Cornishes) filed a cross-action in trespass to try title concerning the subject property.

Trial was before the court (without a jury) which found in favor of the Plaintiff-Appellees, the Yarbroughs, from which the Defendants appeal. We affirm.

The subject property is a house and lot in the City of Corsicana, Navarro County, Texas. The common source of title is in Carl Ashworth and wife Lorene Ashworth. On February 19, 1973, the Yarbroughs purchased the property from the Ashworths by warranty deed, which deed recited two notes each secured by a vendor's lien as follows: (1) one in the amount of $10,000.00 payable to Corsicana Federal Savings and Loan Association (hereinafter called "Corsicana Federal") secured by a first vendor's lien and further secured by a Deed of Trust from the Yarbroughs to L. B. Dawson, Trustee; (2) one in the amount of $2000.00 payable to the Ashworths secured by a second vendor's lien, (hereinafter called "the Ashworth lien"), further secured by a Deed of Trust from the Yarbroughs to L. B. Dawson, Trustee. This deed from the Ashworths to the Yarbroughs was filed for record in the Deed Records of Navarro County, Texas, on February 22, 1973; and the two Deeds of Trust from the Yarbroughs to L. B. Dawson, Trustee, hereinabove referred to, were also filed for record in the Deed of Trust Records of Navarro County, Texas, on February 22, 1973.

Thereafter, on June 8, 1973, the Yarbroughs gave a third (mechanics') lien on the property in the amount of $2700.00 for improvements which lien was assigned to Corsicana Federal and further secured by a Deed of Trust from the Yarbroughs to L. B. Dawson, Trustee, which was filed for record June 11, 1973. The Yarbroughs made their payments on all three notes at the office of Corsicana Federal.

About one year later, on July 26, 1974, the Yarbroughs conveyed the subject property to the Defendants Harris and wife by warranty deed. Plaintiffs testified that it was agreed by and between them and the Harrises that the Harrises would assume the Ashworth lien as well as the two liens held by Corsicana Federal, and that instructions were given that the deed be prepared so as to recite such assumptions. However, the deed as prepared by the scrivener recited that the Harrises assumed the two liens in favor of Corsicana Federal but omitted to recite that the Harrises assumed the Ashworth lien. The transaction was closed in the offices of Corsicana Federal, and no one present noticed the omission in the deed. On August 20, 1974, the Harrises made the payments then due on all three liens, that is, on the Ashworth lien as well as upon the two Corsicana Federal liens.

After the August 20, 1974, payments on the three notes by the Harrises as above mentioned, the Harrises quit paying on the Ashworth note, whereupon the Ashworths accelerated the maturity of said note and directed L. B. Dawson, the Trustee in the Deed of Trust (for the benefit of the Ashworths), to proceed with a Trustee's sale of the subject property. On February 4, 1975, the Trustee's sale was held, at which the Yarbroughs purchased the property for the sum of $1912.87 cash and received a Trustee's Deed conveying the property to them (the Yarbroughs) subject to the two liens held by Corsicana Federal. Meanwhile, prior to this Trustee's sale the Defendants Cornish and wife had moved into possession of the subject property as tenants of the Harrises. Both the Harrises and the Cornishes were notified of the Trustee's sale and of Plaintiffs' claims to the property.

Then on February 27, 1975, the Harrises conveyed by warranty deed to the Cornishes the subject property, wherein it was recited that the Cornishes assumed "all indebtedness against the property."

The trial court found that the Ashworth lien was omitted by mutual mistake in the deed from the Yarbroughs to the Harrises, and reformed such deed so as to include the Ashworth lien and thereby reflect the true agreement of the parties. The trial court further found that the Cornishes were not bona fide purchasers for value and that the

doctrine of after-acquired title did not apply in favor of Defendants since the Harrises had assumed the Ashworth lien under the reformed deed. Said judgment further awarded title and possession of the subject property to the Plaintiff-Appellees Yarbrough and wife, and assessed the costs against Defendant-Appellants.

The trial court made findings of fact and conclusions of law, the parts pertinent to this appeal being as follows: that the deed of trust given by the Yarbroughs to secure the $2000.00 Ashworth note as part consideration for the subject real estate dated February 19, 1973, was duly filed and recorded; that on July 26, 1974, when the Yarbroughs conveyed the property to the Harrises, all of the parties understood and intended that the Ashworth note would be assumed by the purchasers (Harrises); that the Ashworth note was omitted by a scrivener's error from the assumption clause of the deed from Yarbroughs to Harrises; that the Yarbroughs and Harrises were mutually mistaken as to the contents of said deed; that the foreclosure and Trustee's sale of February 4, 1975 was valid and regular, and was legally sufficient to convey the paramount title then owned by the Ashworths to the Yarbroughs; that Charles Cornish accepted the deed from the Harrises dated February 27, 1975, with actual and constructive notice of the claims of the Yarbroughs; that the Deed of Trust from the Yarbroughs to L. B. Dawson, Trustee dated February 19, 1973, further securing the Ashworth note, at all times constituted notice to the Defendant Charles Cornish of the existence of the Ashworth lien as an encumbrance on the title of the subject property; that Defendant Cornish was not a bona fide purchaser for value because of the actual and constructive notice he had of the Ashworth lien; that the omission of the Ashworth lien in the deed from the Yarbroughs to the Harrises by mutual mistake entitles Plaintiffs Yarbrough to a judgment for reformation of said deed so as to include the assumption of the Ashworth note; that the decree awarding reformation relates back to the date of the reformed instrument, so that the instrument is effective as

to all primary parties and as to all third parties with notice from its original date according to all its terms and conditions as reformed; that the Trustee's deed to the Yarbroughs dated February 4, 1975, entitles Plaintiffs Yarbrough to title and possession of subject property; and the reformation of the deed from the Yarbroughs to the Harrises precludes the application of the doctrine of after-acquired title to the facts of this case.

Appellants assert three points of error, to wit: (1) The trial court erred in allowing reformation of the deed (from the Yarbroughs to the Harrises), because there is no evidence of mutual mistake concerning the omission of the Ashworth lien; (2) the trial court erred in failing to hold that the Yarbroughs' subsequent interest (by virtue of their purchase at Trustee's sale) was automatically conveyed to the Harrises under the doctrine of after-acquired title; and (3) the trial court erred in holding that the Ashworth lien is enforceable against the Cornishes, because the Cornishes are bona fide purchasers for value. We overrule all of Appellants' points of error and affirm the trial court's judgment.

We revert to Appellants' first point, that is, the contention that there is no evidence of mutual mistake. The evidence is virtually undisputed that the Ashworth lien was left out of the Yarbrough-to-Harris deed by mutual mistake. The Yarbroughs testified that it was definitely agreed between them and the Harrises that the Harrises would assume the Ashworth note and lien. Mr. Harris on cross-examination in effect admitted that they (the Harrises) agreed to assume the Ashworth note. Likewise, Mrs. Harris testified that "we agreed that we would buy the house for what was owed against the house. We would just assume their (Yarbrough's) payments and pay what they were paying."

Mrs. A. C. Barley, manager of Corsicana Federal, assisted the parties in closing the transaction. The transaction was closed in the offices of Corsicana Federal. Mrs. Barley testified that prior to the closing, Mrs. Harris requested of her (Mrs. Barley) to get

the deed drawn up, that they (the Harrises) were going to "take over her brother's place" and that they (the Harrises) were going to assume the indebtedness that was against it. Mrs. Barley further testified that while the Yarbroughs and Harrises were present at the closing, she looked at the deed (which had been sent over to her from an attorney's office) and noticed that it (the deed) recited only one assumption, that being the $2700.00 note to Corsicana Federal. Noticing this, she excused herself and took the deed to a typewriter and added as an assumption the $10,000.00 note to Corsicana Federal; that she simply forgot the Ashworth note; that she knew the Ashworth note should have been included; that if she had thought of it she would have also added the Ashworth note as an assumption.

Moreover, the passbook which was furnished the Yarbroughs by Corsicana Federal, and which was turned over to the Harrises, included the record of payments of the $10,000.00 note to Corsicana Federal, and the $2,000.00 Ashworth note. The record of payments of the $2700.00 note was kept in a second passbook.

■ After the closing, on August 20, 1974, when the payments first fell due on all three notes, the Harrises made a payment on each of the three notes, including the Ashworth note. We are of the opinion that the evidence is overwhelmingly to the effect that the Yarbroughs and the Harrises were laboring under a mutual mistake when they closed this transaction with the Ashworth note omitted as an assumption in the deed.

■ A mistake of fact, if mutual, is a well-settled ground for reformation of a written instrument; and the scrivener's failure to embody the true agreement of the parties in a written instrument is such a mistake as to afford ground for reformation for mutual mistake. See *Louviere v. Power* (Waco CA 1965) 389 S.W.2d 333 at p. 335, NRE, and the cases therein cited.

Appellants' second point of error contends that the Cornishes are entitled to title and possession of the subject property under the doctrine of after-acquired title; that when the Yarbroughs (subsequent to the time of their conveyance to the Harrises) thereafter acquired title by the Trustee's Deed of February 4, 1975, that such title automatically passed to the Harrises and thence to the Cornishes. We do not agree.

■ Here, the doctrine of after-acquired title does not apply, because mutual mistake having been established between the Yarbroughs and the Harrises, as hereinabove discussed, such mutual mistake relates back to July 26, 1974, the date of the deed wherein the mutual mistake occasioned the omission of the Ashworth lien. See *St. Paul Fire & Marine Ins. Co. v. Culwell* (Eastland CA 1931) 45 S.W.2d 347, reversed on other grounds by the Commission of Appeals in 62 S.W.2d 100; *Automobile Ins. Co. of Hartford, Connecticut v. United Electric Service Co.* (Fort Worth CA 1955) 275 S.W.2d 833, NRE; 49 Tex.Jur.2d "Reformation of Instruments," par. 70, p. 688. This being so, the warranty by the Yarbroughs never included the Ashworth lien. Since the paramount title represented by the Ashworth lien was excluded from the conveyance to the Harrises and never passed to the Harrises (or to the Cornishes by the subsequent conveyance), when the Ashworth lien was thereafter foreclosed and the Yarbroughs acquired title by virtue of the Trustee's deed, title to the property then vested in the Yarbroughs. Stated differently, the deed as reformed did not warrant any title to the Harrises (or to the Cornishes) insofar as the Ashworth lien was concerned. Therefore when the Yarbroughs subsequently acquired title to the property which derived from the Ashworth lien, such title did not pass from the Yarbroughs to the Cornishes under the doctrine of after-acquired title.

■ A title subsequently acquired inures to the purchaser upon the theory that the grantor is estopped to claim a title which he has assumed to convey. See *McKinnon v. Lane* (Fort Worth CA 1955) 285 S.W.2d 269 at p. 273, NRE, and the cases therein cited. But such estoppel is

restricted to the estate intended to be conveyed by the grant, and is not applied to a reserved or excepted estate. A warranty only refers to the interest conveyed, and the grantor will not be estopped to assert another interest in the land subsequently acquired. *Talley v. Howsley* (Tex.1943) 142 Tex. 81, 176 S.W.2d 158 at p. 160. That is to say, the estoppel does not apply to any interest after-acquired which was not purportedly granted. *Clark v. Gauntt* (Comm. App.1942) 138 Tex. 558, 161 S.W.2d 270 opinion adopted. The estoppel cannot operate to vest in the grantee a greater estate than the deed itself would have conveyed. *Chace v. Gregg* (Tex.1895) 88 Tex. 552, 32 S.W. 520.

Because of the above-stated rules of law as applied to the facts of the case at bar, we hold that the doctrine of after-acquired title has no application so as to inure to the benefit of Defendant-Appellants.

■ Lastly, Appellants contend that the Cornishes were bona fide purchasers for value, and for this reason the Ashworth lien is not enforceable against them. We overrule this contention. In the first place, the Cornishes were charged with constructive notice of the Ashworth lien, because it was described in the warranty deed from the Ashworths to the Yarbroughs, and in the deed of trust from the Yarbroughs to L. B. Dawson, Trustee, both of which instruments had been of record long prior to the time the Harrises and the Cornishes purchased the property.

"A purchaser is charged with and bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims." *Wessels v. Rio Bravo Oil Co.* (Eastland CA 1952) 250 S.W.2d 668, writ refused; *Abercrombie v. Bright* (Eastland CA 1954) 271 S.W.2d 734, NRE, and the cases therein cited on p. 740.

Moreover, Mr. Cornish admitted on cross-examination that prior to the time he purchased the property from the Harrises, that he (Mr. Cornish) received letters from two different lawyers advising him that the Yarbroughs had purchased the property at the Trustee's sale. Additionally, Mrs. Barley, the manager of Corsicana Federal, testified that she warned Mr. Cornish about the foreclosure sale on the property before he made any payments on the place to Corsicana Federal. From these facts we see that the Cornishes had both constructive notice as well as actual knowledge of the Yarbroughs' claim of title before they (the Cornishes) purchased the property.

We respectfully overrule all of Appellants' points and contentions. Judgment of the trial court is accordingly affirmed.

AFFIRMED.