**Opinion filed April 14, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00299-CV

_____

## CYNTHIA GAIL A/K/A CYNTHIA MORRISON, Appellant

## V.

## HAZEL BERRY ET AL., Appellees

**On Appeal from the 132nd  District Court**

**Scurry County, Texas**

**Trial Court Cause No. 23136**

## O P I N I O N

Hazel Berry, Bernadine Wilson, and Rebecca Ann Robinson, independent executrix of the estate of Evelyn Mebane, deceased, sued Cynthia Gail a/k/a Cynthia Morrison for reformation of a warranty deed.  The trial court granted Berry, Wilson, and Robinson's traditional motion for summary judgment.  Gail appeals.  We affirm.

### I. *Background*

On August 26, 2004, Powell Berry, as attorney-in-fact for "Hazel Berry, et al," entered into a contract to sell 176.52 acres in Scurry County to Cynthia Gail for $80,000.  The sales contract reserved to the sellers all minerals, royalties, and timber interests in the land.  On

September 1, 2004, Powell Berry executed a warranty deed to Gail on behalf of Hazel Berry, Evelyn Mebane, and Bernadine Wilson. Unlike the sales contract, however, the deed did not contain a mineral reservation.

Mebane died on January 7, 2006. In her will, Mebane appointed Rebecca Ann Robinson as the independent executrix of her estate. Robinson hired an attorney, David Cotton, to handle the probate of the estate. In the process of preparing the estate's inventory, appraisement, and list of claims, Cotton discovered that the warranty deed to Gail did not contain the sales contract's mineral reservation.

Cotton contacted Thomas W. Choate, the attorney who prepared the sales contract and warranty deed. Choate stated that he used the title insurance commitment's legal description of the property when he prepared the warranty deed. It did not contain a mineral reservation. Because he did not compare the deed and sales contract, it was not until Cotton contacted him that Choate learned of the mistake. Cotton informed Gail of the mistake, but she refused to revise the title. Berry, Wilson, and Robinson then sued Gail for reformation of the deed for mutual mistake.

## II. *Issue*

In her sole issue, Gail argues that the trial court erred by granting appellees' summary judgment motion.

## III. *Discussion*

### A. *Summary Judgment Evidence.*

Gail's supplemental summary judgment response included her own affidavit. Appellees objected to numerous statements in this affidavit. The trial court overruled their objections. As a preliminary matter, appellees now argue that the trial court erred by not striking these statements on the grounds that they were conclusory, that they were based on subjective belief, that they violated the parol evidence rule, and that they violated the statute of frauds and were inconsistent with the sales contract itself. We review the trial court's admission or exclusion of summary judgment evidence under an abuse of discretion standard. *Maxwell v. Willis*, 316 S.W.3d 680, 682 (Tex. App.—Eastland 2010, no pet.).

Supporting and opposing affidavits to a summary judgment motion must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify as to the matters therein. TEX. R.

2

CIV. P. 166a(f). Affidavits containing unsubstantiated factual or legal conclusions that are not supported by the evidence are not competent summary judgment proof because they are not credible or susceptible to being readily controverted. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996).

Agreements for the sale or purchase of minerals or of an oil and gas royalty shall be evidenced by a signed writing. TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(7) (Vernon 2009); *see also McVey v. United Timber & Kaolin Ass'n*, 270 S.W. 572 (Tex. Civ. App.—San Antonio 1925, no writ) (holding a timber interest is an interest in land subject to statute of frauds).

The parol evidence rule is a rule of substantive law which provides that, in the absence of fraud, accident, or mistake, extrinsic evidence is not admissible to vary, add to, or contradict the terms of a written contract that is facially complete and unambiguous. *Hayes v. Rinehart*, 65 S.W.3d 286, 288 (Tex. App.—Eastland 2001, no pet.). Evidence that violates the parol evidence rule is incompetent, without probative force, and cannot be given legal effect. *Johnson v. Driver*, 198 S.W.3d 359, 364 (Tex. App.—Tyler 2006, no pet.). The parol evidence rule does not bar evidence of a collateral agreement. *Ledig v. Duke Energy Corp.*, 193 S.W.3d 167, 179 n.10 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A collateral agreement is one that would not ordinarily be expected to be embodied in or integrated with the written agreement and is not so connected with the principal transaction as to be part and parcel of it. *Id.*

Appellees first objected to Gail's statement, "I do not believe that this is a case of mutual mistake." This represents a legal conclusion and is not competent summary judgment evidence. Rule 166a(f); *Ryland Group*, 924 S.W.2d at 122.

Second, appellees objected to Gail's statement that "[n]egotiations between Powell Berry and myself over the property took place before and after our signing of the Farm and Ranch Contract." Insofar as the reference to the negotiations is an attempt to vary, add to, or contradict the terms of the unambiguous sales contract, the reference violates the parol evidence rule. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995); *Johnson*, 198 S.W.3d at 364; *Hayes*, 65 S.W.3d at 288.

Third, appellees objected to Gail's statement that, "[a]lthough I signed that contract and deposited the $8,000.00 with Mr. Choate, I left the meeting with my understanding that there would be a final contract with all the owners' names on it." Because Gail's "understanding" is a

belief of an interested party without factual support, it is not competent summary judgment evidence. *Ryland Group*, 924 S.W.2d at 122.

Fourth, appellees objected to Gail's statement that, "[a]lthough the contract I signed excepted the mineral rights and timber rights, Mr. Berry and I had not actually come to an agreement about them by the day of its signing. Nevertheless, I expected that the final contract would change that as I had told Mr. Berry that I wanted them as a condition of my purchase." Both the assertion that there was no agreement and the assertion that Gail expected that a final contract would grant her the mineral rights violate the parol evidence rule because they attempt to vary, add to, or contradict the terms of the unambiguous sales contract. *See Nat'l Union Fire Ins.*, 907 S.W.2d at 520; *Johnson*, 198 S.W.3d at 364; *Hayes*, 65 S.W.3d at 288.

Fifth, appellees objected to Gail's statement that, after noticing that the deed did not contain the sales contract's mineral reservation, "I was satisfied that they had agreed to let me have [the mineral interest]. Because of this, I didn't see any need for insisting on a final contract." The statement that she was satisfied that appellees had agreed to let her have the minerals is merely an interested party's belief lacking factual support. *Ryland Group*, 924 S.W.2d at 122. In addition, insofar as the reference to a final contract was an attempt to vary, add to, or contradict the terms of the unambiguous sales contract, the reference violates the parol evidence rule. *See Nat'l Union Fire Ins.*, 907 S.W.2d at 520; *Johnson*, 198 S.W.3d at 364; *Hayes*, 65 S.W.3d at 288.

Moreover, the gist of Gail's affidavit appears to be that the parties modified the sales contract to include a conveyance of the minerals. The absence in the deed of the reservation found in the sales contract, thus, was not the result of a mistake but, rather, reflected the parties' modification. The statute of frauds requires such a modification to be evidenced by a signed writing. Section 26.01(a), (b)(7); *see also McVey*, 270 S.W. 572. Gail did not submit to the trial court any written embodiment of the purported modification. In fact, her affidavit suggests that no such writing was ever made. Her statement suggesting that a modification had occurred was insufficient to prove a modification. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (affidavit's mere allegation of modification to an alimony agreement without more specific facts is not admissible as summary judgment evidence).

The trial court abused its discretion by failing to strike the statements in Gail's affidavit to which appellees objected.

*B. Summary Judgment.*

Appellees filed a traditional motion for summary judgment. We review such motions under a well-settled, multifaceted standard of review. Questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all of the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). All summary judgment grounds ruled on by the trial court and preserved for appellate review that are necessary for the final disposition of the appeal should be considered. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). However, issues not expressly presented to the trial court by a written motion or response to the motion for summary judgment cannot be considered by an appellate court as grounds for reversal. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 674-75 (Tex. 1979).

A party is entitled to reformation of a deed when it proves that it reached an agreement with the other party but the deed does not reflect the true agreement due to a mutual mistake. *Thalman v. Martin*, 635 S.W.2d 411, 413 (Tex. 1982); *Bright v. Johnson*, 302 S.W.3d 483, 489 (Tex. App.—Eastland 2009, no pet.). Thus, one seeking reformation of an instrument based upon mutual mistake has the burden to show: (1) an original agreement and (2) a mutual mistake, occurring after the original agreement, in reducing the original agreement to writing. *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987). A scrivener's failure to embody the true agreement of the parties in a written instrument is a ground for reformation on the basis of mutual mistake. *Cornish v. Yarbrough*, 558 S.W.2d 28, 32 (Tex. Civ. App.—Waco 1977, no writ). Unilateral mistake by one party, and knowledge of that mistake by the other party, is equivalent to a mutual mistake. *Davis v. Grammer*, 750 S.W.2d 766, 768 (Tex. 1988).

Appellees submitted affidavits from Choate, Robinson, and Cotton, as well as the sales contract and warranty deed. The sales contract contained a mineral reservation. The warranty deed did not. Choate testified that the absence of a mineral reservation in the deed was the result

of his inadvertent failure to copy the reservation from the sales contract. Choate also testified that none of the parties ever asked him to modify the sales contract after it was signed.

Excluding from review those statements that the trial court should have stricken, Gail's affidavit states that she met with Powell Berry at Choate's office to sign the papers and to deposit earnest money. She signed the sales contract, although she questioned why Powell Berry claimed to hold power of attorney for the owners who were not named in the contract. Six days later, she received the deed signed by Powell Berry. Powell Berry never showed Gail the powers of attorney he claimed from the owners, but because of the recording information in the deed, she did not complain.

In her response to appellees' summary judgment motion, Gail contended that the merger doctrine prevented using the sales contract to interpret the unambiguous warranty deed. However, the merger doctrine applies only in the absence of fraud, accident, or mistake. *Commercial Bank, Unincorporated, of Mason, Tex. v. Satterwhite*, 413 S.W.2d 905, 909 (Tex. 1967).

Gail also argued that, while appellees offered some proof that they were mistaken in signing a deed that differed from the sales contract, appellees failed to offer any proof that Gail was mistaken and, therefore, appellees did not prove that the mistake was mutual. However, we presume that the parties intend what the words of their contract say. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010). The sales contract contained a clear mineral reservation. It was sufficient to show the parties' original agreement.

As noted above, a scrivener's failure to embody an agreement is sufficient to show mutual mistake. *Cornish*, 558 S.W.2d at 32. In addition, even if Gail had known of the mistake at the time the warranty deed was signed, unilateral mistake by one party and knowledge of that mistake by the other party is equivalent to mutual mistake. *Davis*, 750 S.W.2d at 768.

Gail contends that the absence of a reservation in the deed should be construed against the appellees, whose attorney drafted the deed. This is a canon of construction. *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 355 (Tex. App.—Texarkana 2000, no pet.). Canons of construction do not apply when the deed is unambiguous. *Stewman Ranch, Inc. v. Double M. Ranch, Ltd.*, 192 S.W.3d 808, 811 (Tex. App.—Eastland 2006, pet. denied). There is no allegation that the deed was ambiguous.

Additionally, Gail contends that, because the sales contract was signed only on behalf of Hazel Berry, it expresses her intention in regard to the original agreement and not the intentions of the other appellees. The other appellees were, thus, on notice that the warranty deed did not reserve the minerals, royalties, and timber interests. The sales contract was signed by Powell Berry on behalf of "Hazel Berry, et al." Gail stated in her affidavit that she recalled "questioning the fact that while Mr. Berry claimed to hold power of attorney for the owners, they were not all named in the contract." Gail, therefore, was aware that Powell Berry claimed to be acting on behalf of appellees when he signed the sales contract.

Appellees established that there were no genuine issues of material fact and that, as a matter of law, they were entitled to reformation of the deed on the basis of mutual mistake. *Thalman*, 635 S.W.2d at 413; *Cornish*, 558 S.W.2d at 32. The trial court did not err by granting summary judgment.

IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


April 14, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.