**Opinion filed August 30, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00255-CV

_____

## AMER-CONSOLIDATED ROOFING, INC. D/B/A TOP WALL CONSTRUCTION, Appellant

## V.

## KEY CITY VETERINARY CLINIC, INC., Appellee

**On Appeal from the County Court at Law**
**Taylor County, Texas**
**Trial Court Cause No. 22,909**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment in favor of Appellee, Key City Veterinary Clinic, Inc. (KCV) and against Appellant, Amer-Consolidated Roofing, Inc. d/b/a Top Wall Construction (TWC). In two issues, TWC contends that the trial court erred when it (1) granted KCV's motion for summary judgment on TWC's original breach-of-contract claim and (2) granted summary judgment on TWC's entire case because KCV's motion did not address TWC's newly pleaded claims of

quantum meruit and unjust enrichment, which TWC added after KCV filed its motion but before the hearing on the motion. Because we conclude that the trial court properly granted summary judgment on TWC's breach-of-contract claim and did not err when it granted summary judgment on the entire case, we affirm.

*Background Facts*

In November 2015, TWC filed suit against KCV for breach of contract. The alleged contract in dispute is entitled "Service Contract" (the Contract). Pursuant to the Contract, KCV agreed to allow TWC to inspect KCV's property (specifically, the roof) to "[d]etermine if the roof has hail damage," "[d]etermine the life expectancy of the roof," and "[e]stimate the replacement cost." The Contract stated that the "inspection will be free of charge." The Contract then expressed the following two provisions immediately afterward:

> In consideration for TWC acting as the owner's project manager and assisting in the acquisition of funds, the Owner agrees to allow TWC to perform the work arising from any weather caused property damage[.]

> In return for these services, the Owner will enter into a production contract that allows TWC to perform the work to repair the damaged property equal to the replacement cost value of the damage.

The Contract concluded with two signatures: one presumably by the "Owner/Agent" of KCV and the other by "Top Wall Construction."

In its original petition, TWC alleged that it entered into a valid and enforceable contract with KCV, that it fully performed its obligations under the Contract, and that it incurred damages as a result of KCV's failure to perform KCV's obligations under the Contract—namely, failing to enter into a production contract with TWC and failing to retain TWC to perform the repair work. According to TWC, it suffered "lost income" damages of $19,604.88 because KCV failed to enter into a production contract and allow TWC to perform the repair work. In response to TWC's original petition, KCV generally denied the allegations.

2

In May 2017, KCV filed its traditional and no-evidence motion for summary judgment. In relevant part, KCV argued that the Contract was invalid for lack of consideration and that TWC failed to show any evidence of its lost profits. The trial court set a hearing on KCV's motion for June 9, 2017.

On June 2, 2017, TWC filed its First Amended Original Petition to include two additional causes of action: quantum meruit and unjust enrichment. Despite the amendment, KCV did not amend its motion for summary judgment to address the additional causes of action.

After the hearing on the motion, the trial court granted summary judgment in favor of KCV. The trial court also rendered final judgment in favor of KCV. In doing so, the trial court ordered that TWC take nothing by way of its claims against KCV and disposed of all parties and issues. This appeal followed.

*Analysis*

TWC brings two issues on appeal. In TWC's first issue, it contends that, because KCV's summary judgment did not address TWC's additional claims of quantum meruit and unjust enrichment, the trial court erred when it granted summary judgment on the entire case. In TWC's second issue, it asserts that the trial court erred when it granted summary judgment on TWC's original claim for breach of contract. We will address TWC's second issue first.

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant fails to meet its burden under

3

the no-evidence motion, there is no need to address the challenge to the traditional motion. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Thus, we first review each claim under the no-evidence standard. Any claims that survive the no-evidence review will then be reviewed under the traditional standard.

To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to the challenged elements. *See Ridgway*, 135 S.W.3d at 600. A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601).

A plaintiff asserting a breach-of-contract claim must prove the following: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

In its no-evidence motion, KCV challenged, among other things, the existence of a valid contract between the parties. Specifically, KCV argued that the contract was invalid for lack of consideration. Additionally, KCV challenged the damages element of TWC's breach-of-contract claim. Specifically, KCV argued that TWC lacked any evidence of TWC's lost profits.

Even if we assume, without deciding, that the Contract is valid, we conclude that TWC failed to produce evidence that raised a genuine issue of material fact as

4

to TWC's lost profits. Although, in response to a no-evidence motion for summary judgment, the nonmovant "is not required to marshal its proof" on a challenged element, it must still "*point out* evidence that raises a fact issue on the challenged element[]." TEX. R. CIV. P. 166a(i) cmt. (emphasis added); *see Guerrero–McDonald v. Nassour*, 516 S.W.3d 198, 211 (Tex. App.—Eastland 2017, no pet.) (citing *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002)).

Conclusory statements in affidavits are insufficient to raise a fact issue to defeat summary judgment. *See Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Massey Operating, LLC v. Frac Tech Servs., LLC*, No. 11-11-00118-CV, 2013 WL 870688, at *3 (Tex. App.—Eastland Mar. 7, 2013, no pet.) (mem. op.) (quoting *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied)).

Here, in response to KCV's no-evidence motion, the only evidence that TWC presented that related to lost profits was an affidavit by TWC's president, Kenneth E. Booe. The affidavit is brief and contains nothing but conclusory statements. The entirety of Booe's statement regarding damages consisted of the following: "Top Wall Construction suffered monetary harm of $19,604.88 as a result of Key City refusing to enter into a production contract with Top Wall Construction or allow Top Wall Construction to perform the repair work." However, Booe failed to provide any underlying facts to support his conclusion that TWC suffered $19,604.88 in lost profits. His statement is nothing more than a bare conclusion and is therefore insufficient to raise a fact issue to preclude summary judgment. Therefore, we conclude that the trial court did not err when it granted summary judgment in favor of KCV on TWC's breach-of-contract claim. Accordingly, we overrule TWC's second issue.

5

We now turn to TWC's first issue. According to TWC, because KCV did not address TWC's newly pleaded causes of action in KCV's motion for summary judgment, the trial court improperly granted summary judgment on all of TWC's claims against KCV. We disagree.

A defendant who does not amend or supplement its motion for summary judgment to address claims asserted in a plaintiff's amended or supplemental pleading is generally not entitled to summary judgment on plaintiff's entire case. *Rust v. Tex. Farmers Ins. Co.*, 341 S.W.3d 541, 552 (Tex. App.—El Paso 2011, pet. denied). "A trial court errs in granting summary judgment on a cause of action not expressly presented by written motion, but the error is harmless when the motion asserts grounds that bar the omitted cause of action as a matter of law." *Endeavor Energy Res., L.P. v. Cuevas*, No. 17-0925, 2019 WL 1966625, at *3 (Tex. May 3, 2019) (footnote omitted) (citing *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011) (per curiam)).

TWC's amended petition added two additional causes of action: quantum meruit and unjust enrichment. Quantum meruit is an equitable theory of recovery that is based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). To recover under a quantum-meruit claim, a claimant must prove that (1) valuable services were rendered or materials furnished, (2) for the person sought to be charged, (3) those services and materials were accepted by the person sought to be charged and were used and enjoyed by him, and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018). Quantum meruit "is founded [on] the principle of unjust enrichment." *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985).

Unjust enrichment is an implied-contract theory stating that one should make restitution when it would be unjust to retain benefits received. *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). Unjust enrichment allows recovery "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros.*, 832 S.W.2d at 41. It is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (quoting *Vortt Expl. Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)).

We conclude that the grounds asserted in KCV's motion for summary judgment show that TWC could not have recovered on the later pleaded causes of action as a matter of law. To prevail under both claims, TWC was required to show that KCV benefited from some service provided by TWC. *See Hill*, 544 S.W.3d at 732–33; *In re Kellogg Brown & Root*, 166 S.W.3d at 740. The services TWC claimed that it provided to KCV, by acting as KCV's project manager, include the following: (1) inspecting the roof to determine if damage had occurred; (2) determining the life expectancy of the roof; (3) providing an estimation of the replacement cost of the roof; and (4) assisting in the acquisition of funds equal to the replacement cost value of the roof damage.

In its no-evidence motion, KCV asserted that there was no evidence that TWC acted as a project manager for KCV and never assisted KCV in the acquisition of funds. Additionally, KCV asserted that TWC "did not perform in any manner, and specifically did not substantially perform, any of the services proposed under the Contract. [TWC] can provide no evidence of performance or substantial performance." In response to KCV's motion, TWC only produced the affidavit of Booe. In that affidavit, Booe simply concluded that TWC "performed all of its

7

promised obligations under the contract" and then proceeded to list the services it was required to perform under the Contract.

As mentioned above, conclusory statements that are not supported by facts are insufficient to defeat summary judgment. *See Coastal Transp.*, 136 S.W.3d at 232. Affidavits containing unsubstantiated factual or legal conclusions that are not supported by the evidence are not competent summary judgment proof because they are not credible or susceptible to being readily controverted. *Gail v. Berry*, 343 S.W.3d 520, 522 (Tex. App.—Eastland 2011, pet. denied) (citing *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)).

Here, Booe did not provide any facts or evidence to support his conclusions. Because Booe's affidavit is conclusory, his affidavit is in effect no evidence of any services TWC provided to KCV. Therefore, TWC failed to meet its burden of raising a genuine issue of material fact in response to KCV's no-evidence motion for summary judgment. As a result, although KCV's motion did not address TWC's quantum-meruit and unjust-enrichment claims, we conclude that any error in granting summary judgment on those claims is harmless because KCV's summary judgment motion asserted grounds that barred those causes of action as a matter of law. *See Endeavor*, 2019 WL 1966625, at *3. We overrule Appellant's first issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


August 30, 2019                                         KEITH STRETCHER

Panel consists of: Bailey, C.J.,                        JUSTICE
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.