# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00031-CV

Madina Petroleum, LLC,
Appellant

v.

Sunbelt Rentals, Inc.,
Appellee

On appeal from the
413th District Court of Johnson County, Texas
Judge William C. Bosworth Jr., presiding
Trial Court Cause No. DC-C202400026

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

### INTRODUCTION

This summary judgment case involves equipment allegedly rented by Madina Petroleum, LLC, ("Madina") from Sunbelt Rentals, Inc., that Sunbelt contends was never paid for by Madina. Sunbelt filed suit to recover the cost of renting the equipment, asserting breach of contract and quantum meruit. The issues are: (1) whether the trial court's Order Granting Final Summary

Judgment Against Madina Petroleum, LLC, (the "Order") is a final, appealable judgment; (2) whether the trial court abused its discretion by denying Madina's motion to strike an affidavit submitted by Sunbelt; (3) whether the affidavit of Madina's owner, Javeed Hyder, is conclusory and self-serving; and (4) whether the trial court erred in granting Sunbelt's motion for summary judgment on its breach of contract claim. Because the trial court's intent to dispose of all claims is clear, and because any error in granting more relief than requested is harmless, we conclude that the trial court's Order is a final, appealable judgment. We also conclude that Sunbelt's summary judgment evidence did not meet Rule 166a(c)'s burden, and an issue of material fact remains regarding the existence of a contract between the parties. Accordingly, we reverse the trial court's Order and remand the case for further proceedings.

## BACKGROUND

Sunbelt contends it entered an agreement with Madina to provide rental equipment to Madina from May 2023 through September 2023. Sunbelt further alleges that Madina never paid for this equipment, as evidenced by its invoices. Based on these allegations, Sunbelt sought recovery in the trial court of $149,480.96 in damages, as well as attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 38. Sunbelt's petition asserted claims against Madina for breach of contract and quantum meruit.

In its brief, Sunbelt explained its procedure for renting equipment to customers. Sunbelt alleges that its customers must complete an Application for Credit & Rental Agreement (the "Agreement"). If approved by Sunbelt, customers then complete an online application where they are provided with the Agreement and the terms and conditions. Sunbelt did not provide the Agreement allegedly accepted by Madina and did not attach any such Agreement in support of its summary judgment motion.

Once the customer accepts the terms of the Agreement, Sunbelt communicates with the customer regarding the rental, "with the understanding that Sunbelt will create an invoice for the amount owed." Sunbelt then creates a unique invoice number for each piece of equipment, which includes the quantity and type of equipment rented, the person who received the equipment on behalf of the customer, and the amount charged. Sunbelt opens a second cycle of billing and adds a new number to the end of the invoice number if the rental extends beyond the period stated in the first invoice.

Sunbelt contends that from May 2023 through September 2023, Sunbelt supplied Madina with fifty-nine separate invoices, thirty-four of which extended beyond the period of the first invoice. Sunbelt alleges that it fully complied with the terms of the Agreement and delivered all equipment

requested by Madina. Sunbelt alleges that the total balance owed by Madina in its invoices amounts to $149,480.96.

Sunbelt filed its Original Petition against Madina asserting breach of contract and quantum meruit on January 16, 2024. Sunbelt attached a summary of the fifty-nine invoices as proof of its claim. Madina filed its answer on February 9, 2024, asserting a general denial and several affirmative defenses.

On September 19, 2024, Sunbelt filed its Motion for Final Summary Judgment against Madina, arguing that no issue of material fact existed on its breach of contract claim. As supportive evidence, Sunbelt provided the invoices Madina owes and an affidavit from Sunbelt's Corporate Collections Manager, Catherine Hargis ("Hargis"). Hargis stated that:

> MADINA PETROLEUM LLC established an open account with Plaintiff and contracted to rent equipment from Plaintiff. Plaintiff delivered all of the rental equipment in accordance with the terms of the agreement.

Hargis also corroborated the $149,480.96 unpaid balance reflected in the invoices and stated that Madina accepted the equipment.

Madina filed its Response in Opposition of Sunbelt's Traditional Summary Judgment (the "Response") on December 11, 2024. Madina argued that it never entered any contract with Sunbelt. Madina also provided an affidavit from its owner, Javeed Hyder. Hyder stated that Madina never

received, reviewed, or accepted any agreement with Sunbelt. On the same day, Madina also filed its Objections to Sunbelt's Traditional Summary Judgment, objecting to the admission of Hargis's affidavit. The trial court granted Sunbelt's motion for summary judgment on December 19, 2024. Further, the trial court also signed an order denying Madina's objections to Hargis's affidavit on the same day. Madina filed its Notice of Appeal on January 31, 2025.

## STANDARD OF REVIEW AND APPLICABLE LAW

Rule 166a allows a court to summarily terminate a case when it appears that only a question of law is involved and that there is no genuine issue of fact. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999); TEX. R. CIV. P. 166a(c). The party moving for summary judgment has the burden to prove by summary judgment evidence that "no material fact issue exists and that it is entitled to judgment as a matter of law." *Id.*; *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). "The movant must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of the movant's cause of action or defense as a matter of law." *Id.* (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

We review a summary judgment *de novo*. *Double Diamond, Inc. v. Hilco Elec. Co-op., Inc.*, 127 S.W.3d 260, 264 (Tex. App.—Waco 2003, no pet.). In

conducting our review, we must take as true all evidence favorable to the nonmovant, Madina, and indulge every reasonable inference and resolve any doubts in Madina's favor. *Id.*; *Rhone-Poulenc, Inc.*, 997 S.W.2d at 223. On appeal, Sunbelt still bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Rhone-Poulenc, Inc.*, 997 S.W.2d at 223.

## DISCUSSION

### I. The trial court's Final Summary Judgment Order was an appealable final judgment, and any error in granting more relief than requested was harmless.

Madina argues that the trial court's summary judgment order is not a final judgment because it does not dispose of all claims. A judgment is final for purposes of appeal if "it actually disposes of every pending claim and party, or it clearly and unequivocally states that it finally disposes of all claims and parties." *Palma v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). "Intent to render a final judgment is demonstrated by a 'clear indication that the trial court intended the order to completely dispose of the entire case.'" *Id.* A trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable, and no "magic language" is required. *Id.* "If the final judgment is deficient, the

remedy comes by appeal, not by the deprivation of appellate jurisdiction." *Id*. at 802.

Here, the trial court entitled the summary judgment order, "Order Granting Final Summary Judgment Against Defendant Madina Petroleum, LLC." The Order granted Sunbelt relief in the sum of $149,480.96, along with $2,000 in attorney's fees. This is the full sum requested by Sunbelt in its petition. The Order also contained a "Mother Hubbard" clause, providing that "all relief requested by any party in this cause that is not expressly granted herein is hereby expressly denied." By themselves, none of these facts make the Order a final, appealable judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("An order does not dispose of all claims and all parties merely because it is entitled 'final', or because the word 'final' appears elsewhere in the order, or even because it awards costs."). There must be some clear indication that the trial court intended the order to completely dispose of the entire case. *Id*.

Reading the Order as a whole, the trial court clearly intended its Order to completely dispose of all claims. By the time Sunbelt filed its motion, Madina and Sunbelt were the only parties to the case. The only pending claims were Sunbelt's breach of contract and quantum meruit claims. Sunbelt based its motion solely on its breach of contract cause of action. The trial court

expressed its intent to dispose of all of Sunbelt's claims through the Order's title, the award granting the full sum requested by Sunbelt, and the Mother Hubbard clause. Thus, the Order was a final judgment for purposes of appeal.

Summary judgments may only be granted upon grounds expressly asserted in the summary judgment motion. TEX. R. CIV. P. 166a(c); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). "When a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable." *Id*. at 298. Courts of appeals should treat such a summary judgment as any other final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error. *Id*.

Here, though the trial court may have granted more relief than requested by disposing of Sunbelt's quantum meruit claim when that claim was not included in its motion, any error was harmless. *Id*. at 297–98. ("Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, we agree that the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case."). When an express contract governs services or materials provided, a plaintiff generally may not also recover in quantum meruit. *See Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). By granting

summary judgment on Sunbelt's breach of claim, the trial court awarded Sunbelt the full $149,480.96 requested in its petition. Thus, by granting Sunbelt's motion based on breach of contract, the trial court precluded Sunbelt from recovering in quantum meruit as a matter of law. Therefore, any error was harmless.

## II.    The trial court properly considered Hargis's affidavit.

Sunbelt contends that Catherine Hargis's affidavit is conclusory and self-serving and thus is not competent summary judgment proof. "An affidavit of an interested party may serve as competent summary judgment proof so long as such affidavit evidence is clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.). The trial court properly denied Madina's objection to the affidavit.

Hargis's affidavit is clear, positive, and direct because it explains how and when Madina rented the equipment at issue and states that all statements made are within Hargis's personal knowledge and are true and correct. She explained that Madina established an open account with Sunbelt and rented equipment from May 2023 through September 2023. Hargis stated that Sunbelt delivered this equipment and that Madina accepted it. Hargis cited

the invoices to show the type and cost of the equipment Madina rented. Thus, Hargis's affidavit is not conclusory and is clear, positive, and direct.

Hargis's affidavit is credible because it states that Hargis is the Corporate Collections Manager of Sunbelt Rentals, Inc. Hargis stated she has personal knowledge of the facts in the affidavit because she was assigned Madina's account to review its payment history. Hargis's affidavit is free from contradiction because it does not contradict itself or Sunbelt's invoices, and the amount owed, $149,480.96, matches the invoices exactly. Finally, Madina could readily controvert the affidavit by providing evidence that the contract did not exist, that it did not accept the equipment, or that its own records differ from Sunbelt's. Thus, the trial court properly considered Hargis's affidavit in ruling on the motion.

## III. Hyder's affidavit is not conclusory and is competent summary judgment proof.

Sunbelt contends for the first time on appeal that Hyder's affidavit is conclusory. "An objection that an affidavit is conclusory is an objection to the substance of the affidavit that can be raised for the first time on appeal." *Haynes*, 35 S.W.3d at 178. "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Id*. If an affidavit contains unsubstantiated factual or legal conclusions that are not supported by the evidence, the affidavit is not competent summary judgment proof because it is

not credible or susceptible of being readily controverted. *Gail v. Berry*, 343 S.W.3d 520, 522 (Tex. App.—Eastland 2011, pet. denied) (citing *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996)).

Here, Hyder's affidavit states that Madina did not enter a contract with Sunbelt for the services identified in Sunbelt's invoices. Hyder further states that Madina did not receive, agree to, or review any rental contract. Hyder also states that "Madina did not communicate with Catherine Hargis when seeking Sunbelt's services and did not communicate agreement to any contract to Catherine Hargis or Sunbelt." Sunbelt argues that these statements are conclusory. But Hyder's only statement constituting a conclusion is that the parties never entered a contract. Hyder provided facts to support this conclusion. He stated that Madina never received, agreed to, or reviewed any agreement with Sunbelt. He further stated that Madina never communicated an acceptance to Hargis or Sunbelt. Thus, though it may be a close call, Hyder's affidavit is not conclusory.

"An affidavit of an interested party may serve as competent summary judgment proof so long as such affidavit evidence is clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.). Here, Hyder's affidavit narrowly meets all the above

standards. The affidavit is clear, positive, and direct because Hyder provided facts to support his conclusion that Madina never entered a contract and stated that these facts were true and correct. It is credible because Hyder is the owner of Madina Petroleum, and Hyder stated he was familiar with Sunbelt's services. Hyder's statement does not contradict itself. Finally, Sunbelt can readily controvert Hyder's statements by providing proof of a signed agreement or by providing evidence of phone calls, emails, or anything else indicating that Madina received or entered into an agreement. Thus, Hyder's affidavit is competent summary judgment proof.

## IV. The trial court erred by granting Sunbelt's motion for summary judgment.

Sunbelt's motion for summary judgment asserted there was no factual dispute on its breach of contract claim. Sunbelt contends that: (1) the invoices and Hargis's affidavit prove that an enforceable contract exists between Sunbelt and Madina; and (2) at the least, the invoices, Hargis's affidavit, and Madina's conduct proves the existence of an implied contract. Madina contends that it never entered a contract with Sunbelt, that Sunbelt failed to meet its burden of proving the existence of a contract, and that Hyder's affidavit raises a dispute of material fact regarding the existence of a contract.

### A. An issue of material fact remains regarding the existence of a contract between Sunbelt and Madina.

Under Texas law, an enforceable contract requires: (1) an offer, (2) acceptance, (3) mutual assent, (4) execution of the contract with the intent that it be mutual and binding, and (5) consideration. *Angel v. Tauch*, 642 S.W.3d 481, 488 (Tex. 2022). "Evidence of mutual assent in written contracts generally consists of signatures of the parties and delivery with the intent to bind." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). Because we find the issues of mutual assent and execution dispositive, we solely address these elements.

Sunbelt has failed to prove Madina's assent to any written or oral contract, nor has it proved that it delivered any contract to Madina. Sunbelt argues that the contract was executed with the intent to be mutually binding because, as alleged by Sunbelt, there was an understanding that Sunbelt would rent and deliver the equipment to Madina, and Madina would pay for the equipment. Sunbelt also contends that the terms were clear because they outlined what Madina would rent, the amount of time, and the price. But Sunbelt provided no evidence of this "understanding" between the parties or the terms they agreed to apart from Sunbelt's invoices and Hargis's affidavit. These invoices were not signed by Madina and, standing alone, are not evidence of mutual assent. *See Double Diamond, Inc.*, 127 S.W.3d at 265

(holding that an unsigned "tariff"[1] charged by a utility company, standing alone, was not a contract, and constituted "only part of whatever agreement exists" between the parties).

For the first time on appeal, Sunbelt explains its rental policy and contends that all its customers must submit an online Application for Credit & Rental Agreement before renting equipment from Sunbelt. Sunbelt asserts that this Agreement contains the terms and conditions of the contract between the parties. In discovery, Sunbelt provided a generic version of this Agreement. But the Agreement is dated from 2016, long before the parties began to deal with one another, and it is not signed by Madina. Sunbelt did not provide this Agreement as evidence to support its motion, and no evidence exists that Madina ever signed any such Agreement. Instead, Sunbelt cites to statements in its own petition to support these factual contentions. But Sunbelt's pleadings do not qualify as summary judgment evidence. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807 (Tex. 2021) ("pleadings generally do not qualify as summary-judgment 'evidence,' even when they are sworn or verified.").

---

[1] "Ordinarily, the schedule of a utility, municipally-owned utility, or electric cooperative containing all rates and charges stated separately by type of service, the rules and regulations of the utility, and any contracts that affect rates, charges, terms or conditions of service." *Double Diamond, Inc.*, 127 S.W.3d at 262 n.1 (citing 16 Tex. Admin. Code § 25.5(131)).

Conversely, Madina provided the affidavit of its owner, Javeed Hyder, to show that Madina never received, reviewed, or agreed to a contract between the parties. Because Sunbelt failed to present evidence supporting an inference of mutual assent or execution and allowing Madina the benefit of all doubts and reasonable inferences, we find that there is a genuine factual dispute regarding whether the parties entered into an express agreement for the equipment Sunbelt provided.

### B. Sunbelt did not present its implied contract argument to the trial court, and we cannot consider it on appeal.

Sunbelt next contends that its invoices, Hargis's affidavit, and Madina's conduct of allegedly accepting the equipment proves the existence of an implied contract. However, Sunbelt did not expressly present this argument in support of its motion to the trial court. "Issues not expressly presented to the trial court in the written motion cannot be considered on appellate review as grounds for affirmance of a summary judgment." *Hardaway v. Nixon*, 544 S.W.3d 402, 412 (Tex. App.—San Antonio 2017, pet. denied) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910 (Tex. 1997)). Thus, we cannot consider Sunbelt's implied contract argument on appeal as grounds for affirming the trial court's Order.

## CONCLUSION

With the evidence before us, we find no grounds upon which to affirm the trial court's Order granting Sunbelt's motion for summary judgment. The trial court erred in granting Sunbelt's motion for summary judgment because there is a disputed fact issue about the existence and terms of the alleged contract the parties entered. Accordingly, we reverse the judgment and remand the case to the trial court for further proceedings.

LEE HARRIS
Justice

OPINION DELIVERED and FILED: February 5, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Reversed and remanded
CV06

